# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| FELIX MORALES, | ) | |
| ID # 48434-177, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:17-CV-0783-L (BH) |
| | ) | No. 3:14-CR-0213-L(1) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the amended *Motion Under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (doc. 6), received on March 27, 2017, should be **DENIED** with prejudice.

## I.  BACKGROUND

Felix Morales (Movant) challenges his federal conviction and sentence in Cause No. 3:14-CR-213-L.  The respondent is the United States of America (Government).

**A.**  **Plea and Sentencing**

On June 4, 2014, Movant was charged by indictment with conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C); being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(e), 924(a)(2), and 2; and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2.  (*See* doc. 1.)[1]  He pleaded guilty on December 30, 2014.  (*See* doc. 49.)  On April 17, 2015, the United States Probation Office (USPO) filed a Presentence Report (PSR) in

---

[1]  Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:14-CR-213-L.

which it applied the 2014 United States Sentencing Guidelines Manual (USSG). (*See* doc. 61-1 at 8, ¶ 24.) Because Movant had prior Texas convictions for evading arrest (a crime of violence under USSG § 4B1.2) and possession with intent to deliver a controlled substance (a controlled substance offense under § 4B1.2), he was a career offender under § 4B1.1. (*See id*. at 9, ¶¶ 29, 35.) As a career offender, his aggregate guideline range was 262-327 months. (*See id*. at 10, ¶ 40.) On June 8, 2015, he was sentenced to a total of 264 months' imprisonment. (*See* doc. 80 at 2.) His appeal was dismissed. (*See* doc. 101); *see also United States v. Morales*, No. 15-1-591 (5th Cir. May 31, 2016).

**B.**     **Substantive Claims**

Movant raises the following grounds:

(1) The career offender enhancement under USSG § 4B1.1 for evading arrest was improper in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015);

(2) The career offender enhancement under USSG § 4B1.1 for the Texas drug offense was improper in light of *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017).

(3:17-CV-783-L, doc. 6 at 8.) The Government filed a response, and Movant filed a reply. (*See* docs. 11, 12.)

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. *JOHNSON*[1]

Movant contends that his evading arrest conviction should not have been used to classify him as a career offender because the residual clause of USSG § 4B1.2 is unconstitutional in light of *Johnson*, 135 S.Ct. 2551.

In *Johnson*, the Supreme Court held that the imposition of an increased sentenced under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), (2)(B) (regarding a prior conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another"), violates the Constitution's guarantee of due process because the residual clause

---

[1] The Government contends that Movant's claims are waived. A court may deny a habeas claim on its merits in lieu of addressing whether the claim is properly before the court. *See Lopez v. United States,* No. EP-13-CV-35, 2013 WL 6813418, at *5 n. 3 (W.D. Tex. Dec. 20, 2013) ("even when a claim may be procedurally barred, a court may nonetheless examine the merits of the claim where, as here, it 'can be resolved more easily by looking past any procedural default.'"), citing *Busby v. Dretke*, 359 F.3d 708, 720 (5th Cir. 2004); *Andrade-Castaneda v. United States*, Nos. 3:09-CV-630-P, 2010 WL 27932, at *2 (N.D. Tex. Jan. 5, 2010) ("Because it appears that movant is entitled to no relief on the alleged procedurally barred claims, the Court bypasses this procedural issue and proceeds to the merits of the claims"), citing *Busby*, 359 F.3d at 720.

is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. The holding of *Johnson* is retroactively available on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016).

Movant was not sentenced under ACCA. He contends that the residual clause of a sentencing guideline is unconstitutional in light of *Johnson*, but *Johnson* does not apply to the sentencing guidelines, and the Supreme Court has found that they are not subject to a vagueness challenge under the Due Process Clause. *Beckles v. United States*, 137 S.Ct. 886, 895 (2017); *see also United States v. Rodriguez-Lopez*, 697 F. App'x 304 (5th Cir. 2017) (under *Beckles*, *Johnson* does not apply to a claim regarding the use of prior convictions for a career offender enhancement under a sentencing guideline residual clause). Movant is not entitled to relief on his claim.

### IV. *TANKSLEY*

Movant also claims that his Texas drug conviction should not have been used to classify him as a career offender because it did not qualify as a controlled substance offense under *Tanksley*, 848 F.3d 347.

At the time of Movant's sentencing, the Fifth Circuit had held that possession with intent to deliver under the Texas statute was a controlled substance offense under USSG § 4B1.2(b). *See United States v. Ford*, 509 F.3d 714, 717 (5th Cir. 2007). *Ford* was subsequently overruled, and as a result, a Texas conviction for possession with intent to deliver a controlled substance does not qualify as a controlled substance offense under the career offender guideline. *See Tanksley*, 848 F.3d at 352.

*Tanksley* was decided on direct appeal. A district court's application of a sentencing guideline is not cognizable under § 2255. *See United States v. Payne*, 99 F.3d 1273, 1281–82 (5th Cir. 1996); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995). Because Movant's claim

4

involves the application of the sentencing guidelines, it does not present a constitutional issue or a claim that is cognizable under § 2255.

## V. RECOMMENDATION

The motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SIGNED** on this 26th day of November, 2018.

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```